UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Amalia Anota Castro,
and other similarly
situated individuals,

Plaintiff(s),

v.

First Choice Commercial Janitorial
Services of Florida, Inc.,
and David Olmo, individually,

Defendants,
_______________________________/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Amalia Anota Castro (hereinafter Amalia Anota) and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants First Choice Commercial Janitorial Services of Florida, Inc. and David Olmo, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction

pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Amalia Anota is a resident of Flagler County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant First Choice Commercial Janitorial Services of Florida, Inc. (from now on First Choice Janitorial, or Defendant) is a Florida Profit Corporation performing business in Flagler County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendant David Olmo was and is now the owner/partner/officer and manager of Defendant corporation First Choice Janitorial. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Flagler County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Amalia Anota as a collective action to recover from Defendants overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the

provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2020, (the "material time") without being adequately compensated.

7. Defendant First Choice Janitorial was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by

providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendant First Choice Janitorial and David Olmo employed Plaintiff Amalia Anota as a non-exempted, full-time cleaning employee from approximately June 2013 to January 19, 2023, or more than thirteen years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

10. During the relevant period, Plaintiff performed as a janitorial employee, and she was paid a salary of $600.00 weekly.

11. Plaintiff performed her work at Target Store located at 5100 State Rte., 100 Palm Coast, FL 32164.

12. While Plaintiff was employed by Defendants, Plaintiff had a regular schedule. She worked seven days per week, from Monday to Friday, from 4:00 AM to 10:00 AM (6 hours daily). On Mondays, Plaintiff worked a double shift, and she worked her second shift from 10:00 PM to 6:30 AM (8.5 hours). Thus, Plaintiff worked a total of 50.5 hours weekly. Plaintiff was not able to take bonafide lunch periods.

13. Plaintiff was paid bi-weekly the same salary, regardless of the number of hours worked every week, but she was not paid for overtime hours, as required by law.

14. Plaintiff clocked in and out, and Defendants were in absolute control of her schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid by direct deposits, without paystubs providing accurate information such as the number of days and hours worked and the wage rate paid.

17. Plaintiff was not in agreement with her extended working hours and the lack of payment for overtime hours, and she complained multiple times to her supervisor Raymundo Silva.

18. Plaintiff was unfairly fired on or about January 19, 2023. Defendant used pretextual reasons.

19. At times mentioned, individual Defendant David Olmo was, and is now, the owner/partner/manager of First Choice Janitorial. Defendant David

Olmo was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in First Choice Janitorial's interests concerning its employees, including Plaintiff and others similarly situated. Defendant David Olmo had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

20. Plaintiff Amalia Anota seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

23. This action is intended to include every janitor, cleaning employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

24. Plaintiff Amalia Anota re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. Defendant First Choice Janitorial and David Olmo employed Plaintiff Amalia Anota as a non-exempted, full-time cleaning employee from approximately June 2013 to January 19, 2023, or more than thirteen years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

26. During the relevant period, Plaintiff performed as a janitorial employee, and she was paid a salary of $600.00 weekly.

27. Plaintiff performed her work at Target Store located at 5100 State Rte., 100 Palm Coast, FL 32164.

28. While Plaintiff was employed by Defendants, Plaintiff had a regular schedule. She worked seven days per week, a total of 50.5 hours weekly. Plaintiff was not able to take bonafide lunch periods.

29. Plaintiff was paid bi-weekly the same salary, regardless of the number of hours worked every week, but she was not paid for overtime hours, as required by law.

30. Plaintiff clocked in and out, and Defendants were in absolute control of her schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

31. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid by direct deposits, without paystubs providing accurate information such as the number of days and hours worked and the wage rate paid.

33. Plaintiff was fired on or about January 19, 2023, after she complained about unpaid overtime wages.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

37. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

a. Total amount of alleged unpaid O/T wages:

Nine Thousand Seven Hundred Twenty-Nine Dollars and 72/100 ($9,729.72)

b. Calculation of such wages:

Total period of employment: more than 9 years
Relevant weeks of employment: 156 weeks
Total number of hours worked: 50.5 hours
Total number of overtime hours: 10.5
Salary: $600.00 weekly:50.5=$11.88 x 1.5=$17.82 O/T Rate
O/T rate: $17.82-$11.88 O/T rate paid=$5.94 half-time difference

5.94 x 10.5 O/T hours=$62.37 weekly x 156 weeks=$9,729.72

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.[1]

38. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendants First Choice Janitorial and David Olmo willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and he is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Amalia Anota and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Amalia Anota and other similarly situated individuals and against the Defendants First Choice Janitorial and David Olmo based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Amalia Anota actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Amalia Anota demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

42. Plaintiff Amalia Anota re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

43. Defendant First Choice Janitorial was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

44. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

45. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

46. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

47. Defendant First Choice Janitorial and David Olmo employed Plaintiff Amalia Anota as a non-exempted, full-time cleaning employee from approximately June 2013 to January 19, 2023, or more than thirteen years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

48. During the relevant period, Plaintiff performed as a janitorial employee, and she was paid a salary of $600.00 weekly.

49. While Plaintiff was employed by Defendants, Plaintiff had a regular schedule. She worked seven days per week, a total of 50.5 hours weekly. Plaintiff was not able to take bonafide lunch periods.

50. Plaintiff was paid bi-weekly the same salary, regardless of the number of hours worked every week, but she was not paid for overtime hours, as required by law.

51. Plaintiff clocked in and out, and Defendants were in absolute control of her schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

52. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

53. Plaintiff was paid by direct deposits, without paystubs providing accurate information such as the number of days and hours worked and the wage rate paid.

54. Plaintiff did not agree with her extended working hours and the lack of payment for overtime hours, and she complained multiple times to her supervisor Raymundo Silva.

55. The supervisor always answered that he would inform management.

56. These complaints constituted protected activity under the FLSA.

57. However, on or about January 19, 2023, Plaintiff was unfairly fired. Defendant used pretextual reasons.

58. Plaintiff had been involved in an argument with a co-worker. Plaintiff requested her superiors to resolve the issues, but they never did. Instead, Supervisor Marta (LNU) unfairly fired Plaintiff after more than nine years of loyal services.

59. Plaintiff alleges that she was pretextually fired and that the real reason for her termination was her multiple complaints for overtime wages.

60. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

61. The motivating factor which caused Plaintiff's discharge, as described above, was her complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid overtime wages.

62. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

63. Plaintiff Amalia Anota has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

Prayer For Relief

Wherefore, Plaintiff Amalia Anota respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants First Choice Janitorial and David Olmo that Plaintiff Amalia Anota recovers compensatory damages and an

equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants First Choice Janitorial and David Olmo to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Amalia Anota further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff Amalia Anota demands a trial by a jury of all issues triable as a right by a jury.

Date: January 30, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*