UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMALIA ANOTA CASTRO,
etc.,

    Plaintiff,

v.                                              CASE NO. 3:23-cv-109-JBT

FIRST CHOICE COMMERCIAL
JANITORIAL SERVICES OF
FLORIDA, INC., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Dismissal With Prejudice ("Motion") (Doc 15). For the reasons stated herein, the Motion is due to be **DENIED without prejudice** to the parties filing a new motion or otherwise notifying the Court how they wish to proceed **on or before June 23, 2023**. In short, the boilerplate Motion is insufficient to support what appears to be a significant compromise on Plaintiff's part, as well as a significant disparity between the amount of Plaintiff's recovery ($1400) and the amount of attorney's fees and costs ($7000).[1]

First, the parties have not given the Court sufficient information to determine whether the proposed settlement should be approved as "a fair and reasonable

---

[1] The Motion may contain other deficiencies not noted herein. It is the parties' responsibility to identify and remedy all of them.

res[o]lution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  For example, the parties have not stated what the original amounts of Plaintiff's claims were, or sufficiently explained what the disputed issues were, what the compromise was, and why it is reasonable.  The boilerplate and conclusory assertions regarding the parties' positions are insufficient.  Moreover, the amount asserted for lost wages in the Complaint is nearly ten times the compromised amount.  (Doc. 1 at 9.)  The Court is not likely to approve such a significant compromise without compelling reasons.[2]

Second, the Settlement Agreement provides for payment of Plaintiff's attorney's fees and costs.  Although the Motion indicates that these were negotiated separately from the amount to be paid to Plaintiff in accordance with *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), no evidence has been presented to allow the Court to determine the reasonableness of the proposed amounts.  Specifically, the amount of fees and costs requested ($7,000) is significantly greater than the amount due to Plaintiff ($1,400).  Moreover, given the brief history of this case (an answer was not filed until March 1, 2023, and a notice of settlement was filed soon thereafter, on April 21, 2023), it

---

[2] The Court notes that the Complaint also contained a claim for retaliatory discharge.  (Doc. 1 at 12–16.)

appears that the fee might be unreasonable, and at least raises concerns. Therefore, the Court must review Plaintiff's counsel's contemporaneous time and cost records, reflecting each billing time keeper, the billing rate of each time keeper, the amount of time billed, and the costs, along with any other evidence the parties wish the Court to consider in support of the reasonableness of the amount for fees and costs.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 15**) is **DENIED without prejudice** to the parties filing a new motion or otherwise notifying the Court how they wish to proceed **on or before June 23, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 1, 2023.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record